I. Shalom & Co., Inc. *v.* United States (No. 3738) [1]

United States Court of Customs and Patent Appeals, April 23, 1934

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William Whynman*, special attorney, of counsel), for the United States.

[1] T. D. 47067.

Before Graham, Presiding Judge, and Bland, Garrett, and Lenroot, Associate Judges[2]

Lenroot, Judge, delivered the opinion of the court:

This appeal involves the classification of certain handkerchiefs, imported at the port of New York, which were assessed with duty at the rate of 50 per centum ad valorem and, in addition, 1 cent each, under the provisions of paragraph 1016 of the Tariff Act of 1930.

The appellant protested such action by the collector and in its protest claimed that said handkerchiefs were dutiable at 50 per centum ad valorem only under said paragraph 1016. Other claims were made in the alternative, but the only claim urged here is that the handkerchiefs are not subject to the additional duty of 1 cent each, and said claim alone will be considered by us.

Paragraph 1016 of said tariff act reads as follows:

PAR. 1016. Handkerchiefs, wholly or in chief value of vegetable fiber, except cotton, finished or unfinished, not hemmed, 35 per centum ad valorem; hemmed or hemstitched, or unfinished having drawn threads, 50 per centum ad valorem: *Provided*, That any of the foregoing made with hand rolled or hand made hems shall be subject to an additional duty of 1 cent each.

All of the handkerchiefs here involved are hemstitched, and it is conceded that they are also hemmed within the common meaning of the term "hemmed." It is appellant's contention, however, that it has established, by proof of commercial designation, that the handkerchiefs here in question are excluded from classification under the proviso of said paragraph 1016. In other words, it is appellant's contention that, commercially, said handkerchiefs are not regarded as hemmed handkerchiefs, and that, as the proviso only includes hemmed handkerchiefs, hemstitched handkerchiefs are not included within the terms of the proviso.

The trial court found that proof of commercial designation was irrelevant, and that, as all of the handkerchiefs here involved were hand-hemmed within the common meaning of the term "hemmed", they were properly classified by the collector and the protest should be overruled. Judgment was entered accordingly, and from such judgment this appeal was taken.

The only issue raised by appellant here is that the trial court erred in not holding, under the rule of commercial designation, that the said proviso of paragraph 1016 did not cover or include hemstitched handkerchiefs.

The Government contends that the rule of commercial designation is not applicable to the case at bar, for the reason that said proviso refers to a process in the making of handkerchiefs, and that Congress did not intend commercial designation to control the classification of handkerchiefs in which such process was used in their manufacture.

---

[2] Hatfield, J., did not participate in this case.

It also contends that, if the rule of commercial designation be held to be applicable, appellant has failed to establish it.

We are in accord with the view of the trial court that this is not a proper case for the application of the rule of commercial designation, because we are clear that Congress intended that the said proviso should include hemstitched handkerchiefs. The proviso reads—"That any of the foregoing * * *"—that is, handkerchiefs hemmed or handkerchiefs hemstitched, or handkerchiefs unfinished having drawn threads, if "made with hand rolled or hand made hems", shall be subject to an additional duty of 1 cent each. Had the proviso literally read, "*Provided*, That hemstitched handkerchiefs made with hand rolled or hand made hems shall be subject to an additional duty of 1 cent each", we hardly think that it would be contended that proof that, commercially, hemstitched handkerchiefs were regarded as not hemmed, would be considered as material or relevant.

It is true, as argued by appellant, that the rule is well established by this and other courts that, generally, descriptive terms as well as *eo nomine* terms are subject to proof of commercial designation; but there is one exception to this rule, and that is that proof of commercial designation does not control the classification of an article if Congress, in enacting the statute, has made it manifest that the words of the statute must be understood according to their common meaning. *United States* v. *Stone & Downer Co.*, 274 U.S. 225; *United States* v. *Stone & Downer Co. et al.*, 16 Ct. Cust. Appls. 82, T.D. 42732; *La Manna, Azema & Farnan*, 14 Ct. Cust. Appls. 289, T.D. 41908; *American Express Co.* v. *United States*, 10 Ct. Cust. Appls. 275, T.D. 38680.

The case at bar clearly comes within the exception referred to, for Congress has expressly provided, as we construe paragraph 1016, that hemstitched handkerchiefs shall pay the additional duty if hand-hemmed. As it is conceded that the hemstitched handkerchiefs here involved are hand-hemmed within the common meaning of the word "hemmed", it follows that they were subject to the additional duty named in the proviso of paragraph 1016.

Appellant relies upon the case of *In re Claflin Co.*, 47 Fed. 875, wherein it was held by the Circuit Court for the Southern District of New York that, by proof of commercial designation, hemstitched cotton handkerchiefs were excluded from classification as "hemmed cotton handkerchiefs", as said term was used in the Tariff Act of 1883. We find nothing in that decision contrary to the views herein expressed, for in that case there was nothing in the statute there involved manifesting the intent of Congress that the rule of commercial designation should not be applicable. We think it proper to observe, however, that the decision in that case resulted in a lower rate of

duty upon hemstitched handkerchiefs, which the decision states were more than hemmed, than the rate of duty imposed upon hemmed handkerchiefs, and it is no doubt owing to this decision that the phrase "hemmed or hemstitched" occurs in recent acts because hemstitched handkerchiefs were held, in said decision, not to be "hemmed handkerchiefs", although the hemstitched handkerchiefs were in fact hemmed.

In view of our conclusion that the classification of the handkerchiefs here involved is not governed by the rule of commercial designation because Congress did not so intend, it is unnecessary to consider other questions raised by the Government.

For the reasons stated herein, the decision of the United States Customs Court is *affirmed*.